# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2013

No. 13-30249
Summary Calendar

Lyle W. Cayce
Clerk

JENNIFER HILL,

Plaintiff - Appellant

v.

CLECO CORPORATION,

Defendant - Appellee

Appeals from the United States District Court
for the Western District of Louisiana, Shreveport
USDC No. 5:11-CV-1700

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jennifer Hill appeals from the district court's judgment granting Defendant-Appellee Cleco Corporation's ("Cleco") second motion for summary judgment, thus denying her 42 U.S.C. § 1981 claims based on failure to promote and hostile work environment. We AFFIRM for essentially the reasons given by the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30249

Hill began working for Cleco in August 2000, and she continues to work at Cleco today. In April 2008, Hill was employed as a Senior Applications Systems Analyst/Programmer in Cleco's Information Technology department. In April, she applied for the open position of General Manager, Technology and Corporate Services, along with seven other employees. The instant case arose as a result of Cleco's decision to hire someone else as the new General Manager.

"We review a district court's order granting summary judgment *de novo*." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 386 (5th Cir. 2007). "Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011). "In considering a summary judgment motion, all facts and evidence must be taken in the light most favorable to the non-movant." *LeMaire*, 480 F.3d at 387. But, "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" are insufficient to create a genuine issue of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). We may affirm a grant of summary judgment "on any grounds supported by the record." *Lifecare Hosp., Inc. v. Health Plus of La., Inc.*, 418 F.3d 436, 439 (5th Cir. 2005).

We first address Hill's argument that the district court erred with respect to her section 1981 claim for failure to promote.[1] The district court held Hill's failure-to-promote claim barred by the one-year prescriptive period governing tort actions under Louisiana law. Hill's claim arose on May 3, 2008, when the General Manager position was filled, but she did not file her

---

[1] Hill also argues that the district court erred in allowing Cleco to file a second summary judgment motion. Hill, however, cites no caselaw supporting her argument. "[T]he district court has broad discretion in controlling its own docket," and it did not abuse its discretion in this case. *Enlow v. Tishomingo Cnty., Miss.*, 962 F.2d 501, 507 n.16 (5th Cir. 1992) (citation omitted).

No. 13-30249

complaint until December 11, 2009.  Hill argues that the statute of limitations is four years based on the catchall statute of limitations period provided by 28 U.S.C. § 1658(a).  Section 1658, however, only applies prospectively to causes of action "arising under federal statutes enacted after December 1, 1990." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004).  "The critical question, then, is whether [Hill's] cause[] of action 'ar[ose] under' the [Civil Rights Act of 1991] or under [section] 1981 as originally enacted."[2]  *Id.* at 373 (third alteration in original).  If Hill's claim was cognizable under section 1981 as originally enacted, then the Louisiana prescriptive period applies.  But if her claim arose only after the enactment of the 1991 Act, then section 1658(a) would apply.

Prior to the 1991 Act, "[o]nly where the promotion r[ose] to the level of an opportunity for a new and distinct relation between the employee and employer [was] such a claim actionable."  *Patterson v. McLean Credit Union*, 491 U.S. 164, 185 (1989).  "In deciding whether a change of position rises to the level of a new and distinct relation, the court must compare the employee's current duties, salary, and benefits with those incident to the new position."  *Police Ass'n of New Orleans v. City of New Orleans*, 100 F.3d 1159, 1170-71 (5th Cir. 1996).  Although Hill asserts that her claim arose under the 1991 Act because "the promotion would not have resulted in substantial changes made to [her] position," the district court correctly noted the significant differences between the Senior Systems Analyst position and the General Manager.  In her current position Hill had no supervisory authority, whereas the General Manager would be responsible for at least 30 other positions.  Additionally, as General

---

[2] The 1991 Act amended section 1981 to include claims that were not covered under section 1981 as it was originally enacted.  *See Jones*, 541 U.S. at 372-73.

Manager, she would have received a salary increase of around $45,000 and been eligible for bonuses between $30,000 and $40,000. Her promotion therefore clearly meets the test for "a new and distinct relation between employee and employer," and Louisiana's one-year prescription period applies to Hill's claim. Because her complaint was filed over a year after Cleco hired a different individual as the General Manager, the district court properly found her section 1981 failure-to-promote claim time-barred.

Second, Hill alleges that she was subject to a hostile work environment in violation of section 1981, a cause of action arising under the 1991 Act. We thus must address the merits of her hostile work environment claim. "To establish a claim of hostile work environment under Title VII," Hill must show:

> (1) [she] belongs to a protected group; (2) [she] was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 328 (5th Cir. 2004) (citation omitted). Although Hill's brief references various asserted instances of racism in the Cleco workplace, the district court correctly found these allegations "either conclusory statements of racial discrimination, inadmissible hearsay, unsubstantiated assertions, or statements that do not relate personally to Hill." Additionally, these generalized allegations "were neither 'physically threatening or humiliating' towards [Hill], nor did the harassment

4

'unreasonably interfere[] with [her] work performance." *Hernandez*, 670 F.3d at 654 (citation omitted).

The lone allegation arguably precluding summary judgment in this case involves a hangman's noose that briefly was displayed in Cleco's Crowley, Louisiana training center, which of course is outrageous. As deplorable as the incident patently is, however, it does not assist the claim before us. Thus, we need not determine whether this single incident alone will support a hostile work environment claim, *see Lauderdale v. Tex. Dep't of Crim. Justice*, 512 F.3d 157, 163 (5th Cir. 2007), because Hill has not presented competent summary judgment evidence demonstrating that the "racist noose" was associated with her environment. Hill's unsubstantiated allegation that she saw the noose is completely refuted by the evidence. The employee who discovered the noose, and filed an EEOC complaint based on the incident in March 2008, stated that it was removed the same day he observed it, October 5, 2007. There is no evidence that Hill was at the training facility when the noose was discovered; to be sure, training records show that Hill was not even present at the Crowley facility in 2007. Hill has continuously refused to say exactly when she saw the noose, only that it was sometime after the noose was first seen. Furthermore, she admittedly did not complain or even report it to Cleco; nor did she ever tell her coworkers about it.

We thus conclude that Hill has not properly supported her claim with competent summary judgment evidence. As we have consistently stated, conclusory allegations are insufficient to establish a *prima facie* case of hostile work environment. *See Ramsey*, 286 F.3d at 269. The judgment of the district court therefore is

AFFIRMED.